KARTHIK K. MURTHY – State Bar No. 343,960
K@MurthyPatentLaw.com
MURTHY PATENT LAW INC.
3984 WASHINGTON BLVD. #324
FREMONT, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

Attorneys for Plaintiff

Ed Michaels

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| ED MICHAELS | Case No: |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| FINE ART AMERICA | **(1) COPYRIGHT INFRINGEMENT** |
| Defendant. | **(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT** |
| | **JURY TRIAL DEMANDED** |

1
COMPLAINT

# COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Ed Michaels ("Plaintiff" or "Michaels") bring this complaint against Defendant FINE ART AMERICA, INC. ("Fine Art America" or "Defendant"), for direct and secondary copyright infringement under the Copyright Act (17 U.S.C. § 101 et seq.). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 50l(b). Plaintiff allege, on personal knowledge as to themselves and information and belief as to others, as follows:

## INTRODUCTION

1. Plaintiff Ed Michaels has been a professional photographer and graphic designer for over 40 years. Mr. Michaels has received federal copyright protection on many of his photographs and designs.

2. Plaintiff owns and controls the copyright of a photograph, registered with the United States Copyright office.

3. Defendant displayed the Copyrighted Photographs without authorization to a large and growing number of end users. Defendant's offering is illegal, and it is growing, and it undermines the legitimate market for licensed services.

4. Plaintiff licenses his Copyrighted Photographs to a number of legitimate services, including. These services provide consumers access to images via the Internet and print media. Plaintiff' relationships with these legitimate licensed services are important, especially as more and more customers look to the internet as their chosen method of acquiring images.

## THE PARTIES

5. Plaintiff is an individual residing in Oak Park, California.

6. Plaintiff owns or controls copyright rights in content that is produced or distributed.

7. Defendant Fine Art America is a corporation incorporated in an unknown state, with its principal place of business at 2415 N. Geneva Terrace Chicago, IL 60614.

8. On information and belief, there may be other corporate affiliates of Fine Art America who participated in the infringing acts complained of herein. The identities of such affiliates are currently unknown, because publicly available information does not permit the identification of each

affiliate who participated in the infringing acts. Plaintiff expects the identities of such affiliates to be revealed in discovery. Plaintiff reserves the right to amend this Complaint to name such affiliates, if necessary, once they have been revealed.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 50l(b).

10. Defendant do business with California-based companies, such as service, discussed below, and together provide unauthorized streams of the Copyrighted Photographs to California residents.

11. Defendant operate at least the following interactive websites fineartamerica.com, where Defendant promotes unauthorized products and services, and invite potential customers to "contact" Defendant DeMeo. These websites are available to and used by California residents.

12. Defendant operate a fulfillment center in Los Angeles, California, as indicated on fineartamerica.com/global-print-on-demand-manufacturing-network.html.

13. Defendant also knowingly and intentionally target Plaintiff and the State of California through their unauthorized exploitation of the Copyrighted Photographs, thereby causing harm to Plaintiff in the forum.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 139l(b), 1400(a).

## FACTUAL OVERVIEW

**Plaintiff and His Copyrighted Photographs**

15. Plaintiff is a professional photographer and graphic designer and his photographs have been offered for sale throughout the United States.

16. Plaintiff owns the copyrights to many of his photographs and digital images under the United States Copyright laws, and has obtained Certificates of Copyright Registration from the

3
COMPLAINT

Registrar of Copyrights for these works. As relevant here, Plaintiff has received, and is the owner of, Federal Copyright Registration Number VAu 508-298, registered on May 2, 2000 for multiple images (the "Copyrighted Photographs). A true and correct copy of the Certificate of Copyright Registration at issue in this case, including depictions of some Copyrighted Photographs, is attached at Exhibit 1, which is incorporated by reference.

17. An image of the Copyright Registration from the website of the United States Copyright office is attached as Exhibit 2.

18. The Copyrighted Photographs were created by Plaintiff and are original and creative works.

19. Plaintiff has spent substantial time, money and talent in connection with the production, development and marketing of the Copyrighted Photographs.

20. Plaintiff and/or their affiliates own or hold the exclusive U.S. rights (among others) to reproduce and distribute the Copyrighted Photographs.

21. Plaintiff has not authorized Defendant to copy or display the Copyrighted Photographs, or to exercise any of Plaintiff' other exclusive rights under the Copyright Act, 17 U.S.C. § 106.

**Defendant's unauthorized use of the Copyrighted Photographs**

22. Defendant displays the Copyrighted Photographs on their website fineartamerica.com.

23. Plaintiff has never done business with Defendant.

24. Plaintiff sent a cease and desist letter to Defendant on March 22, 2021. That letter is attached as Exhibit 3.

## COUNT ONE

### Copyright Infringement, 17 U.S.C. §501 et seq.

25. Plaintiff incorporate herein by reference, paragraphs 1 through 24 of the Complaint.

26. Each of the Copyrighted Photographs is an original pictorial work and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

4
COMPLAINT

27. Defendant was not, and are not licensed or otherwise authorized to distribute, transmit, advertise, copy or display the Copyrighted Photographs.

28. Defendant has infringed Plaintiff's copyrights in several of the Copyrighted Photographs, through the distribution, transmission, copying or public display of the Copyrighted Photographs on, among other places, their servers and their websites.

29. On information and belief, the infringements of Plaintiff's copyrights by Defendant was willful. Defendant was aware that they had no license to use the Copyrighted Photographs. Defendant' continued distribution, transmission, copying, public display, and use of the Copyrighted Photographs, and Defendant' refusal to cease distribution and display of the Copyrighted Photographs evidence Defendant' willful infringement. At a minimum, Defendant's actions were reckless.

30. As a direct and proximate result of Defendant's unlawful conduct, Defendant is liable to Plaintiff for copyright infringement. Plaintiff has suffered and will continue to suffer, substantial losses including, without limitation, lost profits, and damage to his business reputation and goodwill. Plaintiff is entitled to recover his losses, plus all profits Defendant has made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

31. As an alternative to actual damages plus Defendant's profits, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each infringement, or other such amounts as may be proper pursuant to 17 U.S.C. § 504(c).

32. Plaintiff is entitled to his attorney's fees and costs pursuant to 17 U.S.C. § 505.

33. On information and belief, Defendant can and may continue their infringing activities unless restrained and enjoined. Plaintiff's remedy at law is not by itself adequate to compensate him for the harm inflicted and threatened by Defendant. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringement of Plaintiff's copyrights.

## COUNT TWO

**Contributory Copyright Infringement, 17 U.S.C. § 501 et seq.**

34. Plaintiff incorporate herein by reference, paragraphs 1 through 35 of the Complaint.

35. Each of the Copyrighted Photographs is an original pictorial work, each with independent economic value, and constitutes copyrightable subject matter under 17 U.S.C. § § 101 and 102.

36. Defendant was not, and are not, licensed or otherwise authorized to distribute, transmit, copy or display the Copyrighted Photographs.

37. On information and belief, Defendant continues to distribute, transmit, copy or publicly display the Copyrighted Photographs on, among other places, their internet websites.

38. Defendant infringed Plaintiff's copyrights in the Copyrighted Photographs by distributing, transmitting, copying and publicly displaying the Copyrighted Photographs on, among other places, their internet websites at least as early as October 2020, and perhaps earlier, without Plaintiff's permission or authorization.

39. On information and belief, Defendant could have stopped infringing Plaintiff's copyrights in the Copyrighted Photographs, yet Defendant failed to do so.

40. As a direct and proximate result of Defendant's unlawful conduct, Defendant is liable to Plaintiff for copyright infringement. Plaintiff has suffered and will continue to suffer, substantial losses including, without limitation, lost profits, and damage to his business reputation and goodwill. Plaintiff is entitled to recover his losses, plus all profits Defendant have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

41. As an alternative to actual damages plus Defendant's profits, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each infringement, or other such amounts as may be proper pursuant to 17 U.S.C. § 504(c).

42. Plaintiff is entitled to his attorney's fees and costs pursuant to 17 U.S.C. § 505.

43. On information and belief, Defendant can and may continue their infringing activities unless restrained and enjoined. Plaintiff's remedy at law is not by itself adequate to compensate him for the harm inflicted and threatened by Defendant. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringement of Plaintiff's copyrights.

**WHEREFORE**, Plaintiff respectfully prays for Judgment to be entered against Defendant as follows:

1. That the Court enter a judgment against each Defendant that each Defendant has willfully infringed Plaintiff's rights in the federally registered Copyrighted Photographs referenced herein.

2. That the Court issue temporary, preliminary and permanent injunctive relief against each Defendant, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert and/or participating with Defendant, so that all such persons be enjoined and restrained from violating Plaintiff's copyrights.

3. That the Court enter and order of impounding pursuant to 17 U.S.C. § § 503 and 509(a) impounding all infringing copies of Plaintiff's copyrighted works.

4. That the Court enter an order requiring each Defendant provided to Plaintiff a full and complete accounting of all profits obtained from their copying, reproduction, distribution, adoption, and/or public display of Plaintiffs copyrighted works, and of any other amounts due and owing to plaintiff as a result of each Defendant's illegal activities.

5. That the Court order each Defendant to pay the Plaintiff's damages and each Defendant's profits pursuant to 17 U.S.C. § 504(b), or, alternatively, enhance statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 504(c)(2), for each Defendant willful infringement of Plaintiff's copyrights.

6. That the Court order each Defendant to pay Plaintiff both the costs of this suit and the reasonable attorneys fees incurred by Plaintiff in investigating and prosecuting this action.

7. That the Court award Plaintiff on his state law claims compensatory damages in an amount to be determined at trial.

8. That the Court award Plaintiff punitive damages in such amounts as may be determined at trial.

9. That the Court award Plaintiff prejudgment interest according to law.

10. That the Court grants to Plaintiff such other and additional relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 26, 2023

**MURTHY PATENT LAW INC.**

By: /s/ Karthik K. Murthy
Karthik K. Murthy
K@MurthyPatentLaw.com
MURTHY PATENT LAW INC.
3984 WASHINGTON BLVD. #324
FREMONT, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

*Attorneys for Plaintiff*
ED MICHAELS